# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ULTRA LANE, LTD. | CIVIL ACTION |
| VERSUS | |
| | NO. 17-430-SDD-RLB |
| DRC EMERGENCY SERVICES, LLC; | |
| HARTFORD FIRE INSURANCE COMPANY; | |
| RPF EMERGENCY SERVICES, LLC; | |
| CAHABA DISASTER RECOVERY, LLC; AND | |
| STEWART G. (BUDDY) FUZZELL, JR. | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 5, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ULTRA LANE, LTD.**

**VERSUS**

**DRC EMERGENCY SERVICES, LLC;
HARTFORD FIRE INSURANCE COMPANY;
RPF EMERGENCY SERVICES, LLC;
CAHABA DISASTER RECOVERY, LLC; AND
STEWART G. (BUDDY) FUZZELL, JR.**

**CIVIL ACTION**

**NO. 17-430-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is defendant DRC Emergency Services, LLC's ("DRC") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (R. Doc. 2) filed on July 10, 2017.

Also before the Court is plaintiff Ultra Lane, Ltd.'s ("Ultra Lane") Response and Unopposed Rule 21 Motion to Drop Non-Diverse Party and Leave to Amend (R. Doc. 7) filed on August 14, 2017.

**I.     Background**

On July 7, 2017, Ultra Lane commenced this action to recover certain amounts allegedly owed under a sub-subcontract entered into with RPF Emergency Services, LLC ("RPF"). (R. Doc. 1, "Compl."). The prime contract is between East Baton Rouge Parish and DRC "to provide disaster street-clearing debris collection, removal, processing disposal and management services as a result of the August 2016 floods in East Baton Rouge Parish." (Compl. ¶ 10). DRC entered into a subcontract with RPF, which then sub-subcontracted with Ultra Lane "to provide the labor and equipment necessary to reduce all flood debris at certain designated temporary

1

disposal sites and to remove the reduced debris to a final disposal site." (Compl. ¶ 12). Among other things, Ultra Lane alleges that DRC and RFP "forced Ultra Lane to perform extra contractual remediation work to the temporary disposal site for which it has not been paid." (Compl. ¶ 17). Ultra Lane further alleges that Cahaba Disaster Recovery ("Cahaba") "and RFP share ownership interest and/or the respective owners of these companies are related." (Compl. ¶ 20).

Ultra Lane seeks recovery against DRC for unjust enrichment pursuant to Louisiana Civil Code article 2298, *et seq.*, and claims that DRC, as the general contractor on the project, is solidarily liable for all other amounts sought in the lawsuit pursuant to La. R.S. 38:2241, *et seq*. (Compl. ¶¶ 42-52).

Ultra Lane asserts that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (Compl. ¶ 7). There is no dispute that the amount in controversy requirement is satisfied.

In seeking dismissal of the action for lack of subject matter jurisdiction, DRC argues that Ultra Lane failed to establish diversity jurisdiction because (1) Ultra Lane, an alleged Texas partnership, failed to plead sufficient facts as to its own citizenship; (2) Ultra Lane failed to allege the citizenship of each member of the limited liability company-defendants, namely DRC, RPF, and Cahaba; and (3) DRC is a citizen of the state of Texas, which destroys complete diversity. (R. Doc. 2-1 at 2-6). DRC also asserts that Ultra Lane has failed to state a claim against it pursuant to state law. (R. Doc. 2-1 at 6-10).

Ultra Lane sought and obtained an extension of time to file a response to DRC's motion to dismiss. (R. Doc. 4; R. Doc. 5).

On August 14, 2017, Ultra Lane filed its response and motion, which seeks to dismiss DRC as a defendant and to amend the Complaint to properly allege the citizenship of the parties. (R. Doc. 7). DRC, the only defendant which has made an appearance in this action, does not oppose the motion.

## II. Law and Analysis

When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford*, 945 F.2d at 805 (citing *Patterson v. Patterson,* 808 F.2d 357, 357 (5th Cir. 1986); *McGovern*, 511 F.2d at 654)).

"The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather,* 404 F.2d 267, 272 (5th Cir. 1968)). "As is the case in other areas of federal jurisdiction, the diverse citizenship among adverse parties must be present at the time the complaint is filed." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citing *Mullen v. Torrance,* 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154, 155 (1824)). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Having reviewed the pleadings, the Court agrees with DRC that Ultra Lane did not properly assert its citizenship or the citizenship of DRC, RPF, or Cahaba in the original Complaint. Accordingly, the allegations in the original Complaint are insufficient for

determining whether there is complete diversity between the parties. Ultra Lane now seeks to amend its Complaint to assert the citizenship of the parties, and to remove DRC as a defendant.

The Court finds it appropriate to grant Plaintiff's motion for leave to amend the Complaint. Rule 15(a) governs the amendment of pleadings before trial. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2), which provides that after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).

The Court has not yet issued a Scheduling Order. The only defendant to have made an appearance in this action is DRC.

In the proposed Amended Complaint, Ultra Lane asserts that it is a citizen of Texas,[1] and that RFP and Cahaba are citizens of Alabama.[2] The proposed Amended Complaint also identifies defendant Stewart G. Fuzzell, Jr. as a citizen of Alabama. Ultra Lane's allegations of citizenship in the proposed Amended Complaint, however, are insufficient with regard to Hartford Fire Insurance Company ("Hartford"). The citizenship of a corporation is based upon its state of incorporation and principal place of business. *See Illinois Central Gulf Railroad Co.*

---

[1] Ultra Lane alleges that it is a "Texas partnership" whose sole partner is Ultra Lane Management, LLC, whose sole member is an individual domiciled in Texas. (R. Doc. 7-2 at 1).
[2] Ultra Lane alleges that RFP and Cahaba are each an "Alabama limited liability company" whose sole member is an individual domiciled in Alabama. (R. Doc. 7-2 at 2).

*v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). Ultra Lane alleges in the proposed Amended Complaint that Hartford's principal place of business is in Hartford, Connecticut. (R. Doc. 7-2 at 1-2). Ultra Lane does not, however, allege Hartford's state of incorporation. Accordingly, the Court will require Ultra Lane to file an additional amended pleading addressing this deficiency.

Ultra Lane has removed DRC as a defendant in the proposed Amended Complaint on the basis that DRC is also a citizen of Texas, and that complete diversity is lacking if DRC remains a defendant. (R. Doc. 7 at 2). Given the procedural posture of this action, the Court finds it appropriate to allow Ultra Lane to amend its pleadings to remove DRC as a defendant in this action pursuant to Rule 15(a).

The Court does not, however, find it appropriate to "drop" DRC as a defendant pursuant to Rule 21. Rule 21 provides that "[m]isjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. A trial court may dismiss a non-diverse party pursuant to Rule 21 to preserve diversity jurisdiction if the party is not indispensable pursuant to Rule 19(b). *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Ralli-Coney, Inc. v. Gates*, 528 F.2d 572, 575-762 (5th Cir. 1976). Ultra Lane and DRC have not provided the Court with any briefing in support of a finding that DRC is not an indispensable party pursuant to Rule 19(b). Accordingly, while the Court will allow Plaintiff to amend his pleadings to remove DRC as a defendant, the Court finds no basis for ruling that DRC is not an indispensable party to this action and can, accordingly, be dropped as a defendant pursuant to Rule 21. As the Court will not make a finding at this time regarding whether DRC is an indispensable party, the remaining defendants will have the opportunity, if

merited, to seek any appropriate relief pursuant to Rule 12(b)(7) after they have made their appearances.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Ultra Lane, Ltd.'s Unopposed Rule 21 Motion to Drop Non-Diverse Party and Leave to Amend (R. Doc. 7) be **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER RECOMMENDED** that pursuant to Rule 15(a), that Ultra Lane, Ltd.'s First Amended Complaint (R. Doc. 7-2) be **ENTERED** into the record.

**IT IS FURTHER RECOMMENDED** that DRC Emergency Services, LLC be **DISMISSED without prejudice** from this action.

**IT IS FURTHER RECOMMENDED** that Ultra Lane, Ltd. be **ORDERED**, pursuant to 28 U.S.C. § 1653, to file a Second Amended Complaint providing the citizenship of Hartford Fire Insurance Company **within 7 days** of entry of the First Amended Complaint into the record.

**IT IS FURTHER RECOMMENDED** that DRC Emergency Services, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (R. Doc. 2) be **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on September 5, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**